Teague I. Donahey (ISB# 9963)
tidonahey@hollandhart.com
Christopher C. McCurdy (ISB# 8552)
ccmcurdy@hollandhart.com
Holland & Hart LLP
800 W. Main Street, Suite 1750
Boise, Idaho 83702
Tel: (208) 342-5000
Fax: (208) 343-8869

Patrick J. Rooney (MN ID #0198274)
Schaan P. Barth (MN ID #0397898)
*Pro Hac Vice Applications Forthcoming*
**FAFINSKI MARK & JOHNSON, P.A.**
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN  55344
Telephone:  952.995.9500
Facsimile:   952.995.9577
patrick.rooney@fmjlaw.com
schaan.barth@fmjlaw.com

**Attorneys for Plaintiff HERBS, ETC., INC.**

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HERBS ETC., INC.,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>AMRAP NUTRITION, LLC,<br><br>　　　　　　　　　Defendant. | Case No.:<br><br>**COMPLAINT - JURY TRIAL DEMANDED** |

For its Complaint against Defendant AMRAP NUTRITION, LLC ("Amrap"), Plaintiff HERBS ETC., INC. ("HEI"), states as follows:

## THE PARTIES

1. Plaintiff HEI is a New Mexico corporation with a principal place of business at 1340 Rufina Circle, Santa Fe, New Mexico 87507.

2. Defendant Amrap is an Idaho limited liability company with a principal place of business at 967 E. Parkcenter Blvd., #200, Boise, Idaho 83706.

## JURISDICTION AND VENUE

3. This is an action for infringement of a federally-registered trademark in violation of the Lanham Act under 15 U.S.C. § 1114 and for unfair competition in violation of the Lanham Act under 15 U.S.C. § 1125(a). Jurisdiction is proper under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

4. This Court has personal jurisdiction over Amrap at a minimum because, on information and belief, Amrap is an Idaho limited liability company, Amrap transacts business within the state of Idaho, including marketing, selling, and shipping the product giving rise to HEI's causes of action to purchasers located in Idaho, and has purposely availed itself of the privilege of conducting activities within the state of Idaho.

5. Venue is proper because Amrap resides in this district under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1391(c).

6. Venue is also proper because a substantial part of the events or omissions giving rise to the claim occurred—including but not limited to Amrap's acts of infringement of HEI's registered marks were committed, and continue to be committed—in this district.

**COMPLAINT – JURY TRIAL DEMANDED – Page 2**

## FACTUAL ALLEGATIONS

A.  **HEI's Deep Sleep Product and Associated Trademark.**

7. HEI is a dietary supplement company and a pioneer in the use of medicinal herbs. Founded in the late 1960s, HEI produces over 79 single herbal extracts and more than 52 synergistic herbal formulas. These products are distributed to consumers in every state in the United States, and in foreign countries, by retail stores specializing in natural products, by mail order, and by HEI's own retail outlet in Santa Fe, New Mexico.

8. In January 1992, HEI adopted and began use of the trademark DEEP SLEEP® (the "Deep Sleep Mark") for "herbal supplements" (the "HEI Deep Sleep Product").

9. The Deep Sleep Mark has been registered with the United States Patent and Trademark Office since September 22, 1998 (Reg. No. 2,190,527) ("527 Mark"). A true and accurate copy of HEI's Trademark Registration Certificate for the 527 Mark from the United States Patent and Trademark Office ("USPTO") is attached hereto as **Exhibit A**.

10. The 527 Mark has been declared incontestable by the USPTO. True and accurate copies of the USPTO's Notice of Acceptance and Notice of Acknowledgment of the incontestability of the 527 Mark, along with HEI's Combined Declaration of Use and Incontestability Under Sections 8 & 15 concerning the same, are attached hereto as **Exhibit B.**

11. The Deep Sleep Mark has also been registered, by and through assignment from ENZYMATIC THERAPY, INC.**,** since September 23, 1997 (Reg. No. 2,100,010) for "Sleeping pills" ("010 Mark"). A true and accurate copy of HEI's Trademark Registration Certificate for the 010 Mark from the USPTO is attached hereto as **Exhibit C**.

12. The 010 Mark has been declared incontestable by the USPTO. A true and accurate copy of HEI's Combined Declaration of Use and Incontestability Under Sections 8 &

**COMPLAINT – JURY TRIAL DEMANDED – Page 3**

15 for the 010 Mark is attached hereto as **Exhibit D.**

13. An example of the HEI Deep Sleep Product using the Deep Sleep Mark is the following:



14. HEI has used the Deep Sleep Mark continuously since January 1992 to identify the HEI Deep Sleep Product, its herbal sleep-improvement product. During the 27 years since the introduction of the HEI Deep Sleep Product and the Deep Sleep Mark, HEI has spent substantial sums to advertise and promote the same. As a result of HEI's promotional efforts and the inherent merits of the product, the HEI Deep Sleep Product has enjoyed considerable success with customers in every state in the United States, as well as substantial international sales. The HEI Deep Sleep Product is one of the most popular products in the herbal sleep-improvement marketplace.

15. As a result of HEI's marketing efforts using the Deep Sleep Mark, the public, customers, and potential customers recognize the Deep Sleep Mark and the HEI Deep Sleep Product and the goodwill they symbolize.

16. Using the Deep Sleep Mark, HEI has experienced extensive sales, advertising, and promotion over the last 27 years of the HEI Deep Sleep Product, and the Deep Sleep Mark

**COMPLAINT – JURY TRIAL DEMANDED – Page 4**

has acquired substantial goodwill as an identifier of HEI's high quality natural sleep aid product and has acquired secondary meaning as well, having come to indicate to consumers and retailers a natural sleep aid product originated only with HEI.

B.   **Amrap's Use of the Deep Sleep Mark.**

17.   In or around late 2018, it came to HEI's attention that Amrap was using the Deep Sleep Mark for the use, sale, and promotion of one of Amrap's dietary supplement products (the "Amrap Product"), which is sold in the following example form:



18.   Upon information and belief, the Amrap Product is sold throughout the United States, including the state of Idaho.  The Amrap Product is sold online, including but not limited to Amazon.com.  A true and accurate copy of the Amrap Product listing on Amazon.com is attached hereto as **Exhibit E**.

19.   In fact, when the term "Deep Sleep" is searched for on Amazon.com, the HEI Deep Sleep Product and the Amrap Product appear on the same results page and on the very same row of products:

**COMPLAINT – JURY TRIAL DEMANDED – Page 5**



A true and accurate copy of the results page when searching "Deep Sleep" on Amazon.com as of October 28, 2019 is attached hereto as **Exhibit F**.

20. HEI has neither permitted nor authorized Amrap to use the Deep Sleep Mark.

21. Amrap's sale of the Amrap Product—using the Deep Sleep Mark, through the same sales channels, targeting the same potential customers, for a product that is also a dietary supplement that is advertised to aid customers' sleep—is likely to cause confusion, mistake, or deception as to affiliation, connection, or association with the Deep Sleep Mark.

22. In a letter dated October 2, 2018, HEI notified Amrap of HEI's rights associated with the Deep Sleep Mark and requested that Amrap cease and desist from use and infringement of the same.  A true and accurate copy of the October 2, 2018 cease and desist letter is attached hereto as **Exhibit G**.

23. In a letter dated April 17, 2019, as well as through an email on the same date, HEI again notified Amrap of HEI's rights associated with the Deep Sleep Mark and requested that Amrap cease and desist from use and infringement of the same.  A true and accurate copy of the April 17, 2019 cease and desist letter and email are attached hereto as **Exhibit H**.

24. In a letter dated July 17, 2019, as well as through an email on the same date, HEI again notified Amrap of HEI's rights associated with the Deep Sleep Mark and requested that Amrap cease and desist from use and infringement of the same.  A true and accurate copy of the

July 17, 2019 cease and desist letter and email are attached here to as **Exhibit I**.

25. In a letter dated September 6, 2019, through its counsel, HEI again notified Amrap of HEI's rights associated with the Deep Sleep Mark and requested that Amrap cease and desist from use and infringement of the same, and also enclosed HEI's documentation showing HEI's registration of the Deep Sleep Mark, search results showing Amrap using the Deep Sleep Mark, and HEI's past efforts to contact Amrap.  A true and accurate copy of the September 6, 2019 cease and desist letter and accompanying exhibits are attached hereto as **Exhibit J**.

26. Despite HEI's requests that Amrap cease and desist from using the Deep Sleep Mark, Amrap continues to use the Deep Sleep Mark to promote and sell the Amrap Product.

27. By reason of the foregoing acts of Amrap, HEI has suffered and will continue to suffer damage to its business, reputation, and goodwill and has lost and will continue to lose sales and profits HEI would have made but for Amrap's actions.

## COUNT I
## Federal Trademark Infringement (15 U.S.C. § 1114)

28. HEI re-alleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

29. HEI owns United States Trademarks for the 527 Mark and the 010 Mark for the Deep Sleep Mark.  HEI has used the Deep Sleep Mark in commerce in the United States since at least January 1992.

30. Through use of the Deep Sleep Mark for the Amrap Product, Amrap has directly competed, and continues to directly compete, with the HEI Deep Sleep Product within each state of the United States of America, including Idaho.

31. Amrap has not obtained HEI's consent in its usage of the Deep Sleep Mark, which Amrap is using in connection with the sale, offer for sale, distribution, and advertising of

the Amrap Product which—like the HEI Deep Sleep Product—is also a sleep aid dietary supplement. On the contrary, Amrap has ignored and continues to ignore all demands by HEI to cease and desist in its unlawful use of the Deep Sleep Mark.

32. Prior to Amrap's use of the Deep Sleep Mark for the Amrap Product, the Deep Sleep Mark had widespread favorable public acceptance and recognition of substantial value to HEI. The consuming public recognizes the Deep Sleep Mark and associated it with the HEI Deep Sleep Product and HEI.

33. Amrap's unauthorized use of a confusingly similar imitation of the Deep Sleep Mark is likely to cause confusion, mistake, and deception by creating the false and misleading impression that the Amrap Product is manufactured or distributed by HEI, is associated or connected with HEI, or has the sponsorship, endorsement, or approval of HEI.

34. Amrap's unauthorized use of the Deep Sleep Mark in interstate commerce as described above constitutes trademark infringement under 15 U.S.C. § 1114(1)

35. Amrap's conduct as described above demonstrates a willful violation of HEI's rights and an intent to trade on the goodwill associated with the HEI Deep Sleep Product and the Deep Sleep Mark.

36. Amrap's conduct has caused and, unless enjoined by this Court, will continue to cause, HEI irreparable injury. This injury includes a reduction in the distinctiveness of the Deep Sleep Mark and injury to HEI's reputation that cannot be remedied through damages. HEI has no adequate remedy at law and is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

37. Pursuant to 15 U.S.C. § 1117(a), HEI is also entitled to recover (i) Amrap's profits, (ii) HEI's ascertainable damages, and (iii) HEI's costs of suit. Furthermore, Amrap's

willful infringement of the Deep Sleep Mark without excuse or justification renders this an exceptional case and entitles HEI to its reasonable attorneys' fees.

## COUNT II
### Federal Unfair Competition
### (Lanham Act § 43(a), 15 U.S.C. § 1125(a))

38. HEI re-alleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

39. HEI has used the Deep Sleep Mark in commerce in the United States since at least January 1992. The relevant consuming market of the United States widely recognizes the distinctive Deep Sleep Mark as a designation of source.

40. Through the use of a confusingly similar imitation of the Deep Sleep Mark, Amrap is knowingly and intentionally misrepresenting and falsely designating to the general public the origin, sponsorship, and approval of the Deep Sleep Mark and the affiliation, connection, and association of Amrap with HEI, so as to create a likelihood of confusion among the public as to the origin, sponsorship, and approval of the Deep Sleep Mark and the affiliation, connection, and association of Amrap with HEI.

41. The aforesaid conduct constitutes false endorsement, false designation of origin, and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

42. Amrap's conduct as described above demonstrates a willful violation of HEI's rights and an intent to trade on the goodwill associated with the HEI Deep Sleep Product and the Deep Sleep Mark.

43. Amrap's conduct has caused and, unless enjoined by this Court, will continue to cause, HEI irreparable injury. This injury includes a reduction in the distinctiveness of the Deep

Sleep Mark and injury to HEI's reputation that cannot be remedied through damages. HEI has no adequate remedy at law and is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

44. Pursuant to 15 U.S.C. § 1117(a), HEI is also entitled to recover (i) Amrap's profits, (ii) HEI's ascertainable damages, and (iii) HEI's costs of suit. Furthermore, Amrap's willful infringement of the Deep Sleep Mark without excuse or justification renders this an exceptional case and entitles HEI to its reasonable attorneys' fees.

## COUNT III
## Common Law Trademark Infringement

45. HEI re-alleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

46. HEI has used the Deep Sleep Mark in commerce in the United States since at least January 1992. The relevant consuming market of the United States widely recognized the distinctive HEI Deep Sleep Product and the Deep Sleep Mark as a designation of source.

47. Through use of the Deep Sleep Mark for the Amrap Product, the Amrap Product has, and continues to, directly compete with HEI's Deep Sleep Product within each state of the United States of America, including Idaho.

48. Amrap has not obtained HEI's consent in its usage of the Deep Sleep Mark, which Amrap is using in connection with the sale, offer for sale, distribution, and advertising of the Amrap Product—which like the HEI Deep Sleep Product—is also a sleep aid dietary supplement. On the contrary, Amrap has ignored and continues to ignore all demands by HEI to cease and desist in its unlawful use of the Deep Sleep Mark.

49. Prior to Amrap's use of the Deep Sleep Mark for the Amrap Product, HEI's Deep Sleep Mark had widespread favorable public acceptance and recognition of substantial value to

HEI. The consuming public recognizes the Deep Sleep Mark and associates it with the HEI Deep Sleep Product and HEI.

50. Amrap's unauthorized use of a confusingly similar imitation of the Deep Sleep Mark is likely to cause confusion, mistake, and deception by creating the false and misleading impression that the Amrap Product is manufactured or distributed by HEI, is associated or connected with HEI, or has the sponsorship, endorsement, or approval of HEI.

51. The aforesaid conduct constitutes trademark infringement under Idaho common law.

52. Amrap's conduct as described above demonstrates a willful violation of HEI's rights and an intent to trade on the goodwill associated with the HEI Deep Sleep Product and Deep Sleep Mark.

53. Amrap's conduct has caused and, unless enjoined by this Court, will continue to cause HEI irreparable injury. This injury includes a reduction in the distinctiveness of the Deep Sleep Mark and injury to HEI's reputation that cannot be remedied through damages. HEI has no adequate remedy at law and is therefore entitled to injunctive relief.

54. HEI is also entitled to recover, at a minimum, (i) Amrap's profits, and (ii) HEI's ascertainable damages. Furthermore, Amrap's willful infringement of the Deep Sleep Mark without excuse or justification, entitles HEI to any other damages available at law, including applicable punitive damages and reasonable attorneys' fees.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff HEI respectfully requests that this Court:

1. Enter judgment that HEI's trademark has been and continues to be infringed by Amrap in violation of 15 U.S.C. § 1114(1);

**COMPLAINT – JURY TRIAL DEMANDED – Page 11**

2. Permanently enjoin and restrain Amrap and each of its agents, employees, officers, attorneys, successors, assigns, affiliates and any person in privity or active concert or participation with any of them from using the Deep Sleep Mark with or without its accompanying logo, or any other designation alone or in combination with other words or symbols, as a trademark, trade name component or otherwise, to market, advertise, distribute or identify Amrap's products where that designation would create a likelihood of confusion, mistake, or deception with the Deep Sleep Mark;

3. Pursuant to 15 U.S.C. § 1119, enjoin the Director of the United States Patent and Trademark Office from issuing to Amrap any trademark registration for the Deep Sleep Mark or any combination of words or symbols that would create a likelihood of confusion, mistake, or deception with HEI's marks;

4. Award HEI all damages it has sustained as a result of Amrap's acts of infringement, including attorneys' fees and costs permitted by law; and

5. Grant HEI such other and further relief as the Court may deem just.

## JURY TRIAL DEMAND

HEI demands a jury trial as to claims so triable.

[*Signature Page to Follow*]

**COMPLAINT – JURY TRIAL DEMANDED – Page 12**

**HOLLAND & HART LLP**

Dated:  December 10, 2019       By: /s/ Teague I. Donahey
                                             Teague I. Donahey
                                             tidonahey@hollandhart.com
                                             Christopher C. McCurdy
                                             ccmcurdy@hollandhart.com
                                             Holland & Hart LLP
                                             800 W. Main Street, Suite 1750
                                             Boise, Idaho 83702
                                             Tel: (208) 342-5000
                                             Fax: (208) 343-8869

                                             Patrick J. Rooney (MN ID #0198274)
                                             Schaan P. Barth (MN ID #0397898)
                                             *Pro Hac Vice Applications Forthcoming*
                                             **FAFINSKI MARK & JOHNSON, P.A.**
                                             Flagship Corporate Center
                                             775 Prairie Center Drive, Suite 400
                                             Eden Prairie, MN  55344
                                             Telephone:  952.995.9500
                                             Facsimile:   952.995.9577
                                             patrick.rooney@fmjlaw.com
                                             schaan.barth@fmjlaw.com

                                             **Attorneys for Plaintiff HERBS, ETC., INC.**

13919650_v1

**COMPLAINT – JURY TRIAL DEMANDED – Page 13**