Aubrey Richardson, ISB: 9909
RICHARDSON LAW PLLC
9601 W. State St., Suite 201
Boise, Idaho 83714
Phone: (208) 504-0700
Fax: (208) 906-1051
Email: aubrey@richardsonlawidaho.com

*Attorney for Defendant AMRAP Nutrition LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| HERBS ETC., INC., a New Mexico corporation, | Case No. 1:19-cv-00487-CWD |
| Plaintiff/Counter-Defendant, | |
| vs. | ANSWER AND COUNTERCLAIM |
| AMRAP NUTRITION, LLC, an Idaho limited liability company | |
| Defendant/Counter-Plaintiff. | |

Defendant/Counter-Plaintiff, AMRAP NUTRITION, LLC ("AMRAP") by and through its counsel of record, RICHARDSON LAW, PLLC in response to the *First Amended Complaint* (Filed 12/13/2019, Dkt. 5)("Complaint") filed by Plaintiff/Counter-Defendant, HERBS ETC., INC. ("HEI") admits, denies, and affirmatively alleges as follows:

## **ANSWER**

1.      AMRAP is without sufficient knowledge to either affirm or deny the allegations in Paragraph 1, and therefore denies the same.

2.      AMRAP admits Paragraph 2.

ANSWER AND COUNTERCLAIM – PAGE 1

3.      Regarding Paragraph 3, AMRAP admits that HEI has brought claims under 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a) but denies that HEI has any valid claims.  AMRAP admits the allegations contained in Paragraph 3 pertaining to jurisdiction.

4.      Regarding the allegations contained in Paragraph 4, AMRAP admits that this court has personal jurisdiction over AMRAP because it conducts business within the state of Idaho and also because the conduct giving rise to the claims are alleged to have occurred in part within the State.  AMRAP denies the remaining allegations contained in Paragraph 4.

5.      AMRAP admits Paragraph 5.

6.      AMRAP denies the allegation in Paragraph 6.

7.      AMRAP is without sufficient knowledge to either affirm or deny the allegations in Paragraphs 7 and 8, and therefore denies the same.

8.      With regard to the allegations contained in Paragraph 9, Exhibit A appears to be an Registration Certificate, which speaks for itself.  AMRAP is without sufficient knowledge to either affirm or deny the allegations in Paragraph 9 and therefore denies the same.

9.      Paragraph 10 consists of legal conclusions to which no response is required, but to the extent that a response is required, AMRAP denies the same.

10.      With regard to the allegations contained in Paragraph 11, Exhibit B appears to be a Registration Certificate, which speaks for itself.  AMRAP is without sufficient knowledge to either affirm deny the allegations contained in Paragraph 11, and therefore denies the same.

11.      Paragraph 12 consists of legal conclusions to which no response is required, but to the extent that a response is required, AMRAP denies the same. AMRAP states that to the extent that Exhibit D appears to be a Combined Declaration of Use and Incontestability, the document speaks for itself.

ANSWER AND COUNTERCLAIM – PAGE 2

12.     AMRAP is without sufficient knowledge to either affirm or deny the allegations in Paragraph 13 and therefore denies the same.

13.     AMRAP denies Paragraphs 14, 15, 16 and 17.

14.     AMRAP admits that its products are sold throughout the United States and online and admits that the Exhibit E appears to be a true and accurate copy of its Natural Deep Sleep Formula marketing materials,  but denies the allegations contained in Paragraph 18 to the extent that any allegation uses the defined term "Amrap Products."

15.     As to the allegations contained in Paragraph 19,  AMRAP admits that its products are sold on Amazon and that Exhibit F appears to be a true and correct copy of one of its product listings, but denies all allegations contained in Paragraph 19 to the extent that any allegation uses the defined term "Amrap Products."

16.     AMRAP denies the allegations contained in Paragraph 20 and is without information or knowledge regarding the authenticity of Exhibit G and therefore denies the same.

17.     Regarding the allegations contained in Paragraph 21, AMRAP admits that HEI filed an infringement report with Amazon, but denies all other allegations contained in that Paragraph.

18.     Paragraph 22 contains a legal conclusion to which no response is required, but to the extent that a responses is required, AMRAP denies

19.     AMRAP denies the allegations contained in Paragraph 23.

20.     AMRAP admits the allegation contained in Paragraphs 24, 25, 26 and 27.

21.     AMRAP denies the allegation contained in Paragraphs 28 and 29.

22.     Paragraph 30 contains no allegation for which a response is required, but to the extent that a response is required, AMRAP incorporates by reference its responses in this Answer to each allegation.

ANSWER AND COUNTERCLAIM – PAGE 3

23.     AMRAP is without sufficient knowledge to either affirm or deny the allegations in Paragraph 31, and therefore denies the same.

24.     AMRAP denies the allegation contained in Paragraphs 32, 33, 34, 35, 36, 37, 38 and 39.

25.     Paragraph 40 contains no allegation for which a response is required, but to the extent that a response is required, AMRAP incorporates by reference its responses in this Answer to each allegation.

26.     AMRAP is without sufficient knowledge to either affirm or deny the allegations contnained in Paragraph 41 regarding HEI's use of the Deep Sleep Mark and therefore denies, and also denies the second allegation contained in Paragraph 41.

27.     AMRAP denies the allegations contained in Paragraphs 42, 43, 44, 45 and 46.

28.     Paragraph 47 contains no allegation for which a response is required, but to the extent that a response is required, AMRAP incorporates by reference its responses in this Answer to each allegation.

29.     AMRAP is without sufficient knowledge to either affirm or deny the allegations contnained in Paragraph 41 regarding HEI's use of the Deep Sleep Mark and therefore denies, and also denies the second allegation contained in Paragraph 48.

30.     AMRAP denies the allegation contained in Paragraphs 49, 50, 51, 52, 53, 54, 55 and 56.

31.     The Complaint contains what is commonly referred to as a "Prayer for Relief." No response to the Prayer for Relief is necessary. However, to the extent a response is deemed necessary, AMRAP denies HEI is entitled to the relief sought in its Prayer for Relief.

ANSWER AND COUNTERCLAIM – PAGE 4

## AFFIRMATIVE DEFENSES

1.  The Complaint fails, in whole or in part, to state a claim upon which relief can be granted pursuant to F.R.C.P. 12(b)(6).

2.  HEI's claims and the relief sought are barred, in whole or in part, because HEI has not sustained any damages and has suffered no harm caused by AMRAP.

3.  To the extent that HEI has suffered damages, which AMRAP expressly denies, HEI has failed to take steps to mitigate its damages.

4.  HEI's claims are barred, in whole or in part, by laches and/or HEI's undue delay.

5.  HEI's claims are barred, in whole or in part, by waiver.

6.  HEI's claims are barred, in whole or in part, by implied acquiescence.

7.  AMRAP's use constitutes fair use under § 1115(b)(4) of the Lantham Act.

8.  There is no likelihood of confusion caused by AMRAP's use of the phrase Natural Deep Sleep Formula.

9.  HEI's Deep Sleep Mark is descriptive of its product and HEI has achieved no "secondary meaning" necessary to protect its mark.

10.  The dominant portion of HEI's mark is the phrase Deep Sleep, which is a common or colloquial term for restful sleep.  Deep Sleep is the only term that AMRAP's Natural Deep Sleep Formula brand name has in common with HEI's mark.

11.  HEI's trademark is unenforceable by reason of unclean hands and trademark misues, in that it has brought this suit for the improper purpose of squelching competition from a more refined brand and to improperly expand the scope of its trademark to bar all uses of the generic phrase deep sleep, thereby giving it a monopoly in a generic term and hindering legitimate competition.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counter-Plaintiff, AMRAP Nutrition, LLC, prays for relief as follows:

1.      That HEI's Complaint and each cause of action or claim stated therein be dismissed, with prejudice, with HEI taking nothing thereby;

2.      That, upon dismissal of HEI's Complaint, AMRAP be awarded its costs and attorney fees in pursuing the defense of this action; and

3.      For such other and further relief as the Court may deem just and proper.

## COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Defendant/Counter-Plaintiff, AMRAP Nutrition, LLC, ("AMRAP"), for its counterclaim against Herbs Etc., Inc. ("HEI") alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Defendant/Counter-Plaintiff AMRAP is an Idaho limited liability company with a principal place of business at 967 E. Parkcenter Blvd., #200, Boise, Idaho 83706.

2.      Upon information and belief, Plaintiff/Counter-Defendant HEI is a New Mexico corporation with a principal place of business at 1340 Rufina Circle, Santa Fe, New Mexico 87507.

3.      This Court has jurisdiction under 28 U.S.C. § 1331 and 1338 and also Section 37 of the Lantham Act, 15 U.S.C. § 1119.

4.      Venue is proper in this District under 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

5.      AMRAP was founded in 2012 by a competitive cross-fit athlete disgusted with the fillers, artificial flavorings and stimulants in other fitness supplements.  From its inception, the business has focused its branding, labeling and product development on athletes. Its primary customers are competitive and professional athletes who purchase multiple products from the AMRAP line.

6.      Upon information and belief, HEI uses its Deep Sleep Mark to market an herbal supplement liquid in a softgel which it claims is a sleep aid.  Marketing by HEI of its Deep Sleep product "promotes restful sleep" and "wake up refreshed."

7.      In contrast, AMRAP products are promoted as exercise recovery formulas designed for high intensity athletic training.

8.      AMRAP promotes its Natural Deep Sleep Formula as a supplement designed to provide "more restorative sleep by optimizing your anabolic hormone levels" allowing users to "thrive during periods of high physical stress so you can perform at a higher level" and "reduce muscle soreness and prepare your body to do it all over again."

9.      HEI alleges that the name Natural Deep Sleep Formula will cause confusion with the marks identified in the Complaint (the "Deep Sleep Mark").

10.      However, the Natural Deep Sleep Formula is a dissimilar good from the Deep Sleep supplement marketed by HEI.

11.      Upon information and belief, both before and after HEI launched its Deep Sleep supplement, numerous third parties have used trademarks and trade names consisting of or incorporating variations on "deep sleep."

ANSWER AND COUNTERCLAIM – PAGE 7

12.     HEI has no evidence of actual confusion regarding the use of the phrase "deep sleep."

13.     Because of a multitude of third-party uses of deep sleep marks to describe various products, any particular mark for such products is necessarily entitled only to narrow protection, encompassing only that particular use for the particular product line.

14.     Given the crowded marketplace of sleep enhancing products, consumers are readily able to differentiate between product names whose only common element is a variation on the common English phrase "deep sleep" based on other differences between the marks, such as additional words, logos, colors, unique fonts, the associated goods, or the market context.

15.     HEI's product name Deep Sleep and AMRAP's Natural Deep Sleep Formula product name are depicted differently.  The colors, bolding and fonts on each product differ.  HEI and AMRAP are in different markets: HEI is an herbal supplement manufacturer whereas AMRAP caters its product line to elite athletes.

16.     Buyers of herbal supplements, sleeping pills or other dietary formulas are likely to examine products carefully before purchasing them for connsumption and are thus are able to differentiate between the products.

17.     Upon information and belief, there has been no evidence that a single consumer has been confused about the relationship between HEI's Deep Sleep pills and AMRAP's Natural Deep Sleep Formula.

**FIRST COUNTERCLAIM**
**Declaratory Judgment of Non-Infringement**
**28 U.S.C. §§ 2201-02**

18.     AMRAP incorporates by reference ¶ 1-17 of these Counterclaims as if fully set forth herein.

19.     This counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

20.     By reason of HEI's efforts to prevent AMRAP from using "deep sleep," contacting Amazon to have AMRAP's products removed from the site, and filing suit against AMRAP, there now exists between the parties an actual and justiciable controversy concerning whether AMRAP has infringed any alleged rights of HEI in its alleged Deep Sleep Marks, requiring declaratory relief.

21.     A declaration is necessary and appropriate at this time to affirm AMRAP's right to use Natural Deep Sleep Formula for its fitness recovery formula and bar HEI from asserting that it has the right to prevent AMRAP and third parties from using the common English phrase "deep sleep" to identify goods and services related to encouraging deep sleep.

22.     While HEI owns valid trademarks for the wordmark Deep Sleep, to the extent that HEI has any trademark rights in the phrase "deep sleep," such rights are extremely narrow and do not bar third parties from using "deep sleep" in conjunction with products related to restorative sleep.

23.     Further, there is no likelihood of confusion between AMRAP's Natural Deep Sleep Formula and HEI's use of the product name Deep Sleep.

24.     AMRAP has no adequate remedy at law.

25.     Accordingly, AMRAP seeks, pursuant to 28 U.S.C. §§ 2201 and 2201, a judgment from this Court that AMRAP's use of the phrase Natural Deep Sleep Formula has not infringed, and does not infringe, under federal or state law, any of HEI's alleged rights in or to its Deep Sleep Mark.

## SECOND COUNTER CLAIM
### Cancellation or Restriction of Trademark
### 15 U.S.C. § 1119

26.    AMRAP repeats and incorporates by reference Paragraphs 1 through 24 as if set forth fully herein.

27.    HEI is the registrant of the mark Deep Sleep bearing U.S. Trademark Registration No. 2,190,527 ('527 Mark) for herbal supplements and U.S. Trademark Registration No. 2,100,010 ('010 Mark) for sleeping pills.

28.    Section 37 of the Lantham Act, 15 U.S.C. § 1119 confers jurisdiction. This section grants jurisdiction on this Court to "determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations and other rectify the register with respect to the registrations of any party to the action." 15 U.S.C. § 1119.

29.    HEI's Deep Sleep mark is descriptive in that it is a colloquial term used to describe restful, restorative sleep achieved by all sleep aids.

30.    HEI's mark has not become distinctive as defined inn 15 U.S.C. § 1052(f). Accordingly, the trademark is invalid and should be cancelled.

31.    Alternatively, the dominant portion of HEI's mark is the term Deep Sleep, which is a generic term for restful sleep. Accordingly, that term should be ordered disclaimed pursuant to 15 U.S.C. § 1056(a).

### PRAYER FOR RELIEF

WHEREFORE, AMRAP NUTRITION, LLC, prays that this Court:

1.    Grant judgment in AMRAP's favor on all claims asserted by HEI;

2.      Declare that AMRAP's use of Natural Deep Sleep Formula has not infringed, and does not infringe, any of HEI'S alleged common law or federally registered Deep Sleep marks, whether under federal or state law;

3.      Enter an order of cancellation of the Deep Sleep Registration, or an order requiring the registration to be amended to include a disclaimer of the phrase "deep sleep" as generic in the standard language used by the Patent and Trademark Office, *i.e.*, " no claim is made to the exclusive right to use the phrase Deep Sleep apart from the mark as shown"

4.      Award AMRAP its costs and attorneys' fees incurred in this action in accordance with 15 U.S.C. § 1117(a); and

5.      Grant such other relief as the Court deems just and proper.

AMRAP reserves the right to raise additional defenses, counterclaims, cross-claims and third party claims not asserted herein of which it may become aware through discovery or otherwise.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, AMRAP hereby demands trial by jury in this action of all issues so triable.

DATED this 8th day of January, 2020.

*Attorney for Defendant AMRAP Nutrition, LLC:*

/s/ Aubrey Richardson
AUBREY RICHARDSON
RICHARDSON LAW PLLC
9601 W. STATE ST., SUITE 201
BOISE, IDAHO 83714
TEL: (208) 504-0700
FAX: (208) 906-1051

ANSWER AND COUNTERCLAIM – PAGE 11

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 8th day of January, 2020, I caused to be served a true copy of the foregoing ANSWER AND COUNTERCLAIM by the method indicated below and addressed to those parties listed below:

| Party | Counsel | Method of Service |
|---|---|---|
| Plaintiff:<br>Herbs Etc., Inc. | Teague I. Donahey<br>Christopher McCurdy<br>Holland & Hart LLP<br>800 W Main St<br>Suite 1750<br>Boise, Idaho 83702<br>Tel: (208) 342-5000<br>FAX: (208) 343-8869<br>tidonahey@hollandhart.com<br>ccmcurdy@hollandhart.com<br><br>Patrick J. Rooney<br>Schaan P. Barth<br>FAFINKI MARK & JOHNSON<br>775 Prairie Center Drive<br>Suite 400<br>Eden Prairie, MN 55344<br>Tel: (952) 995-9500<br>FAX: (952) 995-9577<br>Patrick.rooney@fmjlaw.com<br>Schaan.barth@fmjlaw.com | _X_   ECF Service |

 

                                /s/ Aubrey Richardson
                                AUBREY RICHARDSON
                                *Attorney for Defendant*